Lee A. **EVERHART** et al., Plaintiffs,

v.

**DRAKE MANAGEMENT, INC., et al.,**
**Defendants.**

**No. TCA 74-125.**

United States District Court,
N. D. Florida,
Tallahassee Division.

Dec. 18, 1974.

Pennington, Wilkenson & Sauls, Tallahassee, Fla., for plaintiffs.

Douglass & Powell, Cotton, Shivers, Gwynn & Daniel, Ervin, Varn, Jacobs & Odom, Tallahassee, Fla., for defendants.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

This is a suit brought by the trustee in the Chapter X reorganization proceeding of the Commonwealth Corporation and its wholly owned subsidiary, Commonwealth Capital Corporation, hereinafter "Capital." It is brought as an action in interpleader and seeks also a declaratory judgment that defendants Old Line Insurance Company of America, a Wisconsin corporation, North American Life Insurance Company of Chicago, an Illinois corporation,. and USLIFE Life Insurance Company of Texas, a Texas corporation, alone are entitled to any mortgage or encumbrance upon a certain parcel of property, and that another defendant, Union Commerce Bank, hereinafter "Union Commerce," has no lien, encumbrance, trust or other interest in that property. That property, known as Park 20 West, is owned through a joint venture in which Capital and Drake Management, Inc., hereinafter "Drake," brought herein as a defendant because of its refusal to join as a party plaintiff, are partners.

■ It is not necessary to delve into the somewhat complicated facts here involved at this time. The only question now before this Court is whether a joint stipulation and motion to transfer this action in its entirety to the Chapter X reorganization proceedings should be granted. That stipulation was signed by all the parties to the instant action except the defendant Union Commerce, which strenuously opposes that transfer. The question presented is, so far as this Court has been able to ascertain, a novel one not heretofore decided by any court.

Also before this Court is a motion to dismiss the action. Though not presently ready for decision, it is germane to the instant question in that the parties signing the stipulation agreed not to object to the motion to dismiss only if this action were transferred to the reorganization proceeding. For that reason, before this Court can dismiss and transfer this action, it must first determine whether the reorganization proceeding would have jurisdiction to hear such a suit, should it be so dismissed.

While it is true that, under 11 U.S.C. § 511, the reorganization court has exclusive jurisdiction of the debtor and its property, there is here involved more than just the debtor's property. That court, if transfer is made, is being asked to determine rights not only in debtor's property, but also in the undivided

ownership interest of Drake as a tenant in common with Capital in the Park 20 West property.

Clearly, under 11 U.S.C. § 11, sub. a (6), a reorganization court may bring in any additional parties necessary for a complete determination of any matter in controversy. Thus, Union Commerce may be required to litigate any claims it has against Capital's undivided share in the Park 20 West property, despite its lack of consent.

There is, however, no provision in the Act for determination of any rights in property other than the property of the debtor. 11 U.S.C. § 11, sub. a(7) permits the reorganization court to collect only the estates of debtors and to determine any controversies in relation thereto; it does not permit that court to determine controversies with respect to non-debtors' property, such as the undivided interest of Drake in the Park 20 West property. Without determining whether an adverse claimant, entitled to determination of his rights in a plenary action, may nevertheless consent to the exercise of summary jurisdiction by a reorganization court over property not belonging to the debtor and thereby have his interests decided in the reorganization proceeding [*see*, 6 Collier on Bankruptcy ¶ 3.06 (1972)], clearly where an adverse claimant, entitled to determination of his rights in a plenary proceeding, as in our situation, does not consent to such summary jurisdiction that court cannot hear a controversy concerning those interests. Even though Union Commerce filed a claim in the reorganization proceeding against the debtor's property, such cannot be found, under these circumstances, to be a consent to have the bankruptcy court determine the controversies as to Drake's undivided interest in this piece of property. While Drake has consented, its consent cannot affect Union Commerce's right to object.

The trustees, pursuant to an amended order entered June 28, 1974 in the reorganization proceedings, were expressly granted authority to institute this action. Such an order is in keeping with 11 U.S.C. § 11, sub. a(3), and this action may be heard by this court.

While the undivided interest of Capital in the Park 20 West property can be the subject of summary proceedings, and this action could be transferred for that purpose alone, several factors make such transference undesirable.

It is apparent that claims against the interests of Drake in the subject property might be the subject of proceedings outside the bankruptcy court. The likelihood is even stronger when, as here, there is such strong opposition to such a transfer. The possibility of contradictory decisions respecting lien and encumbrance interests in the property, the need to make a determination respecting all undivided interests in the property at one time, and the need to promote judicial economy require the denial in total of the joint motion to transfer this action to the reorganization proceeding. Order will be entered in accordance with the foregoing.